Peter R. Afrasiabi (Bar No. 193336)
pafrasiabi@onellp.com
**ONE LLP**
4000 MacArthur Boulevard
East Tower, Suite 500
Newport Beach, CA 92660
Telephone: (949) 502-2870
Facsimile: (949) 258-5081

Joanna Ardalan (Bar No. 285384)
jardalan@onellp.com
**ONE LLP**
9301 Wilshire Boulevard
Penthouse Suite
Beverly Hills, CA 90210
Telephone: (310) 437-8665
Facsimile: (310) 943-2085

Attorneys for Plaintiff
Backgrid USA, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BACKGRID USA, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>ILARIA URBINATI, an individual; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 2:21-cv-00847<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Plaintiff, Backgrid USA, Inc., complains against Defendant, Ilaria Urbinati, an individual, and DOES 1-10 (collectively, "Defendants") as follows:

## JURISDICTION AND VENUE

1. This is a civil action against Defendants for acts of copyright infringement under the Copyright Act, 17 U.S.C. §§ 101 *et seq*. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, 17 U.S.C. § 501(a), and 28 U.S.C. § 1338(a) and (b).

2. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a) in that the claim arises in this judicial district, and, on information and belief, the Defendants and their agents reside and may be found in this judicial district, and the injury suffered by Plaintiff took place in this judicial district. Defendants are subject to the general and specific personal jurisdiction of this Court because of their contacts with the State of California.

## PARTIES

3. Plaintiff Backgrid USA, Inc. ("Backgrid") is a California corporation existing under the laws of California, with its principal place of business located in Redondo Beach, California.

4. On information and belief, Defendant Ilaria Urbinati ("Urbinati" or "Defendant") is a resident of West Hollywood, California.

5. The true names or capacities, whether individual, corporate or otherwise, of the Defendants named herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained.

# FACTS COMMON TO ALL COUNTS

*Backgrid and the Photographs that Frame This Dispute*

6. Backgrid owns and operates one of Hollywood's largest celebrity-photograph agencies that has earned a reputation of regularly breaking scoops on sought after celebrity news. It owns the intellectual property rights, including the copyrights, to celebrity photographs that have been licensed to numerous top-tier outlets, such as TMZ, Entertainment Tonight, New York Post, People Magazine, Huffington Post, the Daily Mail, as well as many television stations, newspapers and other prominent media outlets throughout the world. Each license has been granted for valuable consideration, up to hundreds of thousands of dollars.

7. Among many other in-demand photographs, Backgrid owns coveted photographs of certain celebrities (hereinafter the "Celebrity Photographs"). All rights, title and interest in the Celebrity Photographs (the photographs at issue in this case), including but not limited to the copyrights thereon, are owned by Backgrid.

8. Backgrid filed for copyright registration of certain Celebrity Photographs within 90 days of their first publication with the United States Copyright Office, registration number VA0002099294, VA0002208404, VA0002208213, and VA0002191064.

*Defendant and Her Willful Infringing Activity*

9. Defendant Urbinati is a celebrity stylist who has worked with Hollywood's biggest actors, athletes, and executives.  She has been named one of the "Most Influential Stylists of the Decade" and has been featured in publications such as the New York Times, Washington Post, Los Angeles Times Vanity Fair, Vogue, Forces, and GQ.  On information and belief, Urbinati controls and operates an Instagram account located at instagram.com/ilariaurbinati.  On information and belief, Urbinati uses the Instagram account to promote her brand, her stylist services, and also her

1  editorial page, LEO.  To date, Urbinati has at least 222,000 followers who
2  receive instant updates to her account when she posts photographs.  The account
3  is not private, so anyone, including those who do not "follow" her account, has
4  access and can view the uploaded photographs, including the photographs at
5  issue in this lawsuit.

6       10.    Urbinati violated federal law by willfully infringing Backgrid's
7  copyrights to at least four photographs on, at least, Urbinati's Instagram account.
8  Attached hereto as Exhibit A and incorporated herein by reference are true and
9  correct screenshots of Urbinati's Instagram account, including screen shots of the
10  four infringed photographs at issue in this lawsuit.

11       11.    Moreover, Urbinati induced, caused, or materially contributed to the
12  reproduction, distribution and public display of the Celebrity Photographs, and
13  derivatives thereof, all while knowing or having reason to know of the
14  infringement on her account was without permission, consent, or license.  By
15  uploading the Celebrity Photographs to the account, Urbinati encourages her fans
16  to "share" the photographs, thus, causing others to also willfully infringe and
17  multiplying the harm to Backgrid.

18       12.    On information and belief, Urbinati operates and controls her
19  Instagram account at all times relevant to this dispute and financially benefits
20  from the infringement of the Celebrity Photographs displayed thereto.  On
21  information and belief, Urbinati has driven significant traffic to her Instagram
22  account in large part due to the presence of the sought after and searched-for
23  Urbinati Photographs that frame this dispute.  All of this traffic translates into
24  substantial ill-gotten commercial advantage and brand awareness as a direct
25  consequence of their infringing actions.

26       13.    On or around December 17, 2020, Backgrid's agent sent a demand
27  letter to Urbinati regarding this dispute.  Urbinati responded but had no interest in
28

4

**COMPLAINT**

settling this dispute. As such, Backgrid was forced to file this lawsuit to vindicate its rights.

## FIRST CLAIM FOR RELIEF

### (Copyright Infringement, 17 U.S.C. § 501)

14. Backgrid incorporates hereby reference the allegations in paragraphs 1 through 13 above.

15. Backgrid is the owner of all rights, title, and interest in the copyrights of the Celebrity Photographs that frame this dispute, which substantially consist of material wholly original and which are copyrightable subject matter under the laws of the United States.

16. Backgrid filed for copyright registration of the Celebrity Photographs within 90 days of their first publication with the United States Copyright Office.

17. Defendants have directly, vicariously, contributorily and/or by inducement willfully infringed Backgrid's copyrights by reproducing, displaying, distributing, and utilizing the Celebrity Photographs for purposes of trade in violation of 17 U.S.C. § 501 *et seq*.

18. All of the Defendants' acts are and were performed without permission, license, or consent of Backgrid.

19. Backgrid has identified at least seven instances of infringement by way of unlawful reproduction and display of Backgrid's photographs (as well as the unlawful facilitation of other's reproduction of its photographs).

20. As a result of the acts of Defendants alleged herein, Backgrid has suffered substantial economic damage.

21. Defendants have willfully infringed, and unless enjoined, will continue to infringe Backgrid's copyrights by knowingly reproducing, displaying, distributing, and utilizing its photographs by, among other things, virtue of

1  Urbinati's encouragement of the infringement and financial benefit it receives
2  Backgrid's copyrights.
3       22.   The wrongful acts of Defendants have caused, and are causing,
4  injury to Backgrid, which cannot be accurately computed, and unless this Court
5  restrains Defendants from further commission of said acts, Backgrid will suffer
6  irreparable injury, for all of which it is without an adequate remedy at law.
7  Accordingly, Backgrid seeks a declaration that Defendants are infringing
8  Backgrid's copyrights and an order under 17 U.S.C. § 502 enjoining Defendant
9  from any further infringement.
10      23.   The above-documented infringements alone would entitle Backgrid
11 to a potential award of up to $ 600,000 in statutory damages for the at-least seven
12 infringed photographs, in addition to its attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.  That the Defendants, and their officers, agents, servants, employees, and representatives, and all persons in active concert or participation with them, be permanently enjoined from copying, reproducing, displaying, promoting, advertising, distributing, or selling, or any other form of dealing or transaction in, any and all Photos of Backgrid;

2.  That an accounting be made for all profits, income, receipts or other benefit derived by Defendants from the unlawful reproduction, copying, display, promotion, distribution, or sale of products and services, or other media, either now known or hereafter devised, that improperly or unlawfully infringes upon Plaintiff's copyrights pursuant to 17 U.S.C. § 504 (a)(1) & (b);

3.  For actual damages and disgorgement of all profits derived by Defendants from their acts of copyright infringement and for all damages suffered by it by reasons of Defendant's acts, under 17 U.S.C. § 504 (a)(1) & (b);

6

**COMPLAINT**

|   |   |
|---|---|
| 1 | 5. For statutory damages for copyright infringement, including willful |
| 2 | infringement, in accordance with 17 U.S.C. § 504(a)(2) & (c); |
| 3 | 6. For reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. |
| 4 | § 505; |
| 5 | 7. For costs and interest pursuant to 17 U.S.C. § 504 (a)(1) & (b), 17 |
| 6 | U.S.C. § 505; |
| 7 | 8. For any such other and further relief as the Court may deem just and |
| 8 | appropriate. |

Dated: January 29, 2021

**ONE LLP**

By: /s/ Joanna Ardalan
Joanna Ardalan
Peter R. Afrasiabi

Attorneys for Plaintiff
Backgrid USA, Inc.

## DEMAND FOR JURY TRIAL

Plaintiff Backgrid USA, Inc., hereby demands trial by jury of all issues so triable under the law.

Dated: January 29, 2021         **ONE LLP**

By: /s/ Joanna Ardalan
     Joanna Ardalan
     Peter R. Afrasiabi

     Attorneys for Plaintiff
     Backgrid USA, Inc.